The document below is hereby signed.

Signed: February 25, 2010.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| VIVIAN W. BOWERS, | ) | Case No. 09-00584 |
| | ) | (Chapter 11) |
| Debtor. | ) | **For Publication in West's** |
| | ) | **Bankruptcy Reporter** |

MEMORANDUM DECISION AND ORDER RE MOTION FOR CONTEMPT

The debtor Bowers seeks to hold Consumers United Capital Corporation in contempt for allegedly violating the automatic stay of 11 U.S.C. § 362(a) by proceeding in the Superior Court to attempt to recover a judgment against the debtor's employer under D.C. Code § 16-579.  The motion will be denied for the reasons developed at a hearing of January 13, 2010, and elaborated upon below.

I

Section 16-579 addresses, among other things, the following circumstance: a creditor serves a writ of attachment on a debtor's employer to seize wages owed the debtor, but after service of the writ, the employer accepts the debtor's services for free.  When, for example, the corporation is owned by a

relative of the debtor, the statute permits the creditor to recover from the employer an amount "based upon a reasonable value of the services rendered by the judgment debtor under his employment or upon the debtor's then earning ability."

This court addressed D.C. Code § 16-579 at length in *In re Schneiderman*, 251 B.R. 757 (Bankr. D.D.C. 2000) (*Schneiderman I*), and *In re Schneiderman*, 254 B.R. 296 (Bankr. D.D.C. 2000) (*Schneiderman II*). For reasons discussed in *Schneiderman II*, 254 B.R. at 299-301, the automatic stay of 11 U.S.C. § 362(a) bars Consumers United from pursuing its § 16-579 remedy with respect to those services of the debtor that were rendered **after** the debtor filed the petition commencing this bankruptcy case on July 7, 2009.

II

Whether the automatic stay bars Consumers United from pursuing its § 16-579 remedy with respect to services rendered by the debtor **before** the commencement of the bankruptcy case is a more difficult question.

The § 16-579 proceeding is not a proceeding to enforce a lien against property of the debtor or of the estate: the premise of § 16-579 is that the debtor worked for free, and the creditor, in effect, is proceeding against the employer's enriched corporate treasury. Accordingly, § 362(a)(5) (barring enforcement of a lien against property of the debtor or of the

2

estate) is inapplicable.  Nevertheless, conflicting arguments exist whether the automatic stay applies by reason of other pertinent parts of § 362(a).

Section 362(a)(1) bars the continuation of a proceeding to recover a prepetition claim against the debtor, and § 362(a)(6) bars any act to collect or recover a prepetition claim against the debtor.  The argument can be made that the Superior Court action is against the employer, not the debtor, and is an act to collect on the employer's liability, not the debtor's.  The automatic stay does not stay actions against a guarantor or other non-debtor party liable on a debtor's debt.  *See, e.g., Chugach Forest Prods., Inc. v. Northern Stevedoring & Handling Corp.*, 23 F.3d 241, 243 (9th Cir. 1994); *In re Lockard*, 884 F.2d 1171, 1178-79 (9th Cir. 1989).

Nevertheless, an argument exists that because the employer's liability stems from the efforts of the creditor to collect the debtor's liability, not from some pre-existing obligation on the part of the employer to the creditor, the action against the employer is a continuation of an act to recover the prepetition claim against the debtor.  Consider a garnishee who *does* owe wages to a debtor (or is deemed to owe wages to the debtor based on the garnishee's failure to answer a writ of garnishment).  Some decisions hold that the garnishing creditor violates the automatic stay when it pursues, pursuant to the garnishment, an

3

action against the garnishee-employer to recover from the employer wages that are owed (or deemed owed) to the debtor. *See In re Feldman*, 303 B.R. 137 (Bankr. E.D. Mich. 2003); *O'Connor v. Methodist Hosp. of Jonesboro, Inc. (In re O'Connor)*, 42 B.R. 390, 392 (Bankr. E.D. Ark. 1984). *But see In re Sowers*, 164 B.R. 256 (Bankr. E.D. Va. 1994); *In re Waltjen*, 150 B.R. 419 (Bankr. N.D. Ill. 1993); *In re Gray*, 97 B.R. 930 (Bankr. N.D. Ill. 1989); *United Guar. Residential Ins. Co. v. Dimmick*, 916 P.2d 638 (Colo. Ct. App. 1996); *cf. Kanipe v. First Tenn. Bank (In re Kanipe)*, 293 B.R. 750, 755 (Bankr. E.D. Tenn. 2002).

This case is distinguishable from the foregoing cited cases. Those decisions addressed a creditor's right to recover against the debtor's employer premised on the existence (or deemed existence) of unpaid wages owed the debtor, with any judgment effectively being a collection of the debt from the debtor's wages. Proceeding to recover from the garnishee in that circumstance effectively collects the debt from the debtor's wages. Here, in contrast, the collection is effectively from the employer's corporate treasury that was enriched by way of the debtor having worked for free.

Under § 16-579, the employer, in effect, is statutorily made a guarantor of the debtor's debt to the extent of the value of the services that the employer accepted for free after service of the writ (but a guarantor with no right of indemnification from

4

the debtor).  That the collection reduces the amount owed by the debtor is no different than when recovery from a guarantor reduces the amount that can be claimed against the debtor. Neither collecting from a guarantor nor collecting from an employer under § 16-579 violates the automatic stay.

A § 16-579 collection is somewhat like enforcement of a lien for the debtor's debt on non-debtor property, an act that would not violate the automatic stay.[1]  Similarly, § 362(a)(2) bars "the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title."  It does not bar enforcement of the

---

[1] Illustratively, consider a debtor who owns real property securing a claim of a creditor.  The debtor makes a prepetition transfer of the property subject to the lien.  Postpetition, the creditor enforces the lien against the property that was transferred.  The transferee of such property has an *in rem*, non-recourse liability for the debt, and is the equivalent of a guarantor of the debtor's debt (albeit a guarantor who may have waived a right of indemnification from the debtor).  Enforcement of the lien is thus equivalent to the enforcement of a guarantee, and the automatic stay does not apply even though (as in the case of enforcement of a guarantee) collection pursuant to enforcement of the lien reduces the debt owed by the debtor to the creditor.

Moreover, § 362(a)(4) and § 362(a)(5) bar enforcement, respectively, of a lien against property of the estate and a lien against property of the debtor securing a prepetition claim. Congress did not see fit to bar enforcement of a lien against non-estate and non-debtor property securing a prepetition claim against the debtor.  It is implicit that enforcement of a lien on transferred property in which the debtor has an ownership interest is not barred by other provisions of § 362(a), and specifically is not "an act to collect . . . or recover a claim against the debtor that arose before the commencement of the case" stayed by § 362(a)(6).  Instead, the act is to collect an *in rem* claim against the new owner.

5

judgment against an employer's property that has no impact on the debtor's (or the estate's) own property. As in the case of lien enforcement against a prepetition transferee of the debtor's property, the automatic stay implicitly does not apply to collecting the employer's independent liability under § 16-579. District of Columbia law treats the employer as having a liability for the wages forgone by the debtor, an enrichment of the corporate treasury, and the enforcement is not against property of the estate. As in the case of enforcement of a lien on property that is not property of the estate or property of the debtor, and as in the case of enforcement of a guarantee, enforcement of this independent liability under § 16-579 is not "an act to collect . . . or recover a claim against the debtor that arose before the commencement of the case" stayed by § 362(a)(6).

An issue remains whether the automatic stay applies because the pursuit of the § 16-579 remedy is, in effect, a fraudulent conveyance action. When an unsecured creditor has a right to pursue a recovery of a debtor's property fraudulently transferred to a third person, the Bankruptcy Code vests the bankruptcy trustee with the power to avoid the transfer. *See* 11 U.S.C. §§ 544(a)(2) and 544(b)(1) (requiring, as relevant here, that there have been, respectively, a "transfer of property of the debtor" or a "transfer of an interest of the debtor in property"

in order for the provision to apply).[2] In the debtor's favor, I will assume, without deciding, that a creditor's pursuit of a fraudulent conveyance action is displaced by the vesting in the trustee of the power to pursue the fraudulent conveyance, or that a creditor's pursuit of such an action is an act to collect its prepetition debt that violates § 362(a)(6) as it would interfere with the trustee's right to pursue that action.

*Schneiderman I* left undecided whether 11 U.S.C. § 544 would apply to permit a trustee to exercise the § 16-579 rights of a creditor who had served a writ of attachment on a debtor's employer prepetition. 251 B.R. at 761. *Schneiderman I* viewed "§ 544(b) as likely applicable because § 16-579 treats the corporate treasury as consisting of property transferred by the debtor to the extent he took inadequate compensation," *id.*, but left the question open. For the following reasons, I conclude that § 544(b) would be inapplicable.

Because the debtor agreed to work for free, there were no wages earned, and, accordingly, no transfer of an interest of the

---

[2] Section 544(a) also confers on a trustee the rights and powers of a creditor who, on the date of commencement of the case, attains judicial lien creditor or execution creditor status, but that power is irrelevant to whether the automatic stay applies to Consumers United's pursuit of § 16-579 with respect to prepetition services. Such a hypothetical creditor's rights under § 16-579 would not reach backwards in time as the writ such a creditor would hypothetically serve on the employer on the date of filing of the petition commencing the case would only apply to services rendered after service of the writ. *Schneiderman I*, 251 B.R. 763-67.

debtor in property occurred. Services were transferred for free, but services are not a form of property. Thus, there could be no fraudulent conveyance action. That the statute effectively engages in a fiction that the debtor is treated as having worked for wages and as then having left them in the corporate treasury does not change the actuality that the debtor worked for free and agreed not to take wages. The remedy is also viewed as allowing a creditor to engage in a form of piercing the corporate veil in reverse (meaning, treating the employer's property as the debtor's). *See IBF Corp. v. Alpern*, 487 A.2d 593, 596-97 (D.C. 1985). Although that may be an apt analogy, the statute does not undo the fact that the debtor has no right to wages when he works for free. That is why *Schneiderman I* found inapplicable to the amount recoverable under § 16-579 the statutory cap applicable to wage garnishments. 251 B.R. at 762. Instead of § 16-579 being a recovery of property of the debtor, § 16-579 imposes a direct liability on the garnishee-employer for having accepted services for free after service of the writ.

Accordingly, a § 16-579 action is neither an action to recover a fraudulent conveyance of property of the debtor nor an action against property of the debtor. Such an action, as an action on the corporation's direct liability arising from accepting services for free after service of the writ, does not violate the automatic stay on the theory that it is a fraudulent

8

conveyance action that can be pursued only by a trustee (or by a debtor in possession exercising the powers of a trustee).[3]

For the foregoing reasons, I conclude that the automatic stay was not violated by pursuit of the § 16-579 action with respect to work the debtor performed prepetition.  In any event, contempt does not lie for violation of an ambiguous order, and the automatic stay was at best ambiguous as to whether it applies to a proceeding to enforce the § 16-579 remedy against a debtor's employer with respect to prepetition work.  The motion to hold Consumers United in contempt must be denied.

### III

In accordance with the foregoing, it is

ORDERED that the debtor's motion for contempt is DENIED.  It is further

ORDERED that the automatic stay did not and does not apply to Consumers United's pursuit of the § 16-579 remedy with respect to work performed by the debtor prepetition.  It is further

ORDERED that the automatic stay remains in place as to any pursuit by Consumers United of a § 16-579 remedy with respect to

---

[3] Nevertheless, the debtor did not address this issue, and this decision will be made without prejudice to any powers of a trustee under chapter 5 of the Bankruptcy Code.  If a trustee (or the debtor as a debtor in possession exercising the powers of a trustee) can demonstrate that one of the avoidance powers available to a trustee ought to apply, this decision (when the issue has not been thoroughly briefed) ought not stand in the way of pursuit of that power.

services rendered by the debtor to her employer postpetition, and any such pursuit that occurred postpetition remains void.  It is further

ORDERED that this order is without prejudice to any powers that a trustee can bring to bear under chapter 5 of the Bankruptcy Code with respect to Consumers United's § 16-579 rights.

[Signed and dated above.]

Copies to: Debtor; Debtor's attorney; Chapter 13 Trustee;

William Michael Cusmano
2000 N. 14th Street
#210
Arlington, VA 22201
(Counsel for Consumers United)